McFarland, J\,
delivered the opinion of the court.
The first count in the declaration was upon a note as follows:
$439.54.
One day after date we, or either of us, promise to pay J\ E. Baker four hundred and thirty-nine dollars and fifty-four cents, borrowed money, to draw ten per cent, according to the acts of the last legislature. This 22d April, 1860. (Signed.)
M. J. Haralson,
V. C. Haralson, his Zara X Haralson, mark.
Attest: John Logan.
A demurrer to this count upon the ground that the note was illegal and usurious upon its face, was sustained; and this is the first question.
It is well settled in this state, that if the note declared upon stipulate upon its face for an illegal rate of interest* *539 the plaintiff will be repelled; whether there ought to' be, in reason, any sound distinction between cases of this character and cases where the usury does not appear upon the face of the note, but appears in proof, it is too late to inquire. To deny the distinction we would have to overrule a large line of our own decisions upon the subject, which we are not prepared to do.
Is the note in question illegal upon its face? Previous to the act of the twenty-first of February, 1860 [acts 1859-60, ch. 41], the legal rate of interest in this state was six per cent. By that act parties might contract for a rate as high as ten per cent, for borrowed money, if the contract be expressed in the face of a- written note or obligation, but by the terms of the act itself it did not take effect until the first of September, 1860, and had, therefore, not gone into effect when the note was executed. It was then illegal to contract for ten per cent, at that time. It is plausibly argued that the note does not absolutely stipulate for ten per cent, interest per annum from the time the note fell due. • The note is due one day after date to draw interest at ten per cent., according to the act of the last legislature; that is, that interest at ten per cent, is to be computed according to that act — when the act takes effect, allowing interest at that rate — then it is to be so computed. It is a sound rule that when a contract is susceptible of two constructions, one in conformity with the law, and the other illegal, that the construction should be given which will make it valid; that every presumption is in favor of the construction which will avoid the illegality. But we are not authorized to give a strained construction to the writing in order to avoid the illegal feature; and we think by a fair construction this note means that the rate of interest was to be fixed at ten per cent., and begin when the note fell due. It is most probable that the parties thought that the act referred to' was in force, but this cannot excuse-them, as ignorance of law *540 cannot be presumed as an excuse. The purpose to do that which was illegal is clear, and by the stern, though well •settled rule of law, no recovery could be had upon the note.
The plaintiff then filed an amended count, in which it is in substance averred that the illegal provision in the note was inserted by inadvertence and mistake, and sought a recovery as thus corrected. A demurrer to this count was sustained, and we think correctly. It was so held in Wood v. Goodrich, 9 Yer., 266.
The plaintiff filed counts upon the original consideration, and upon these had judgments against 1VI. J. and Y. O. Haralson, but failing to recover against Zara Haralson, he has appealed in error.
We cannot follow in this opinion the very elaborate and able argument presented for the plaintiff, or review the authorities referred to. We can only give briefly the conclusion to which vve have arrived.
It appears that the debt, in renewal of which the note in question was given, was the note of M. J. and Y. C. Haralson, and that Zara Haralson was surety. No recovery could be had against Zara Haralson upon the original consideration, because he did not owe it. No recovery could bo had against him upon any other promise he may have made to pay it, because it would have been a promise to pay the debt of another, which is void under the statute of frauds, unless in writing; and the note could not be introduced as the writing required by the statute of frauds. This would be to hold the note void as a note, and then hold it valid as a sufficient writing under the statute of frauds for the payment of the debt of another. We think the position of the plaintiff’s counsel on this question is unsound. We have endeavored to consider carefully the argument presented, but are of opinion there is no error in the record, and affirm the judgment.